UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

VINCENT MURRAY :
:
    v. : C.A. No. 11-001ML
:
GOVERNOR DONALD CARCIERI, :
et al. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United State Magistrate Judge

On January 3, 2011, pro se Petitioner Vincent P. Murray filed a purported "Bivins [sic] Action" against six various state and federal office holders including the Rhode Island Superior Court Judges who presided over his 1996 criminal trial and 2007 probation violation hearing, Superior Court Judges Savage and Nugent respectively. (Document No. 1). Petitioner also filed a "Table of Contents" in which he references as support "the 79 page compliant [sic] and 68 Exhibits of Material Fact" he previously filed in Murray v. Wall, C.A. No. 10-355ML (D.R.I.). (Document No. 1-3 at p. 1). On January 5, 2011, Chief Judge Lisi referred Petitioner's filings to me for preliminary review. See Rule 4 of the Federal Rules Governing Section 2254 cases. After thoroughly reviewing Petitioner's submissions, I recommend that this case be dismissed with prejudice for the following reasons.

**Background**

On October 29, 1996, a state court jury convicted Petitioner of two counts of second degree child molestation. Murray v. Wall, C.A. No. 02-461T, 2003 WL 21011207 at *1 (D.R.I. Jan. 23, 2003). The victim was Petitioner's nine year old niece. Id. Petitioner "received a sentence of fifteen years, six to serve, nine suspended, and nine years probation for each count." Id. Petitioner's

conviction was affirmed by the Rhode Island Supreme Court on January 7, 1999. State v. Murray, 726 A.2d 467 (R.I. 1999). On December 20, 2001, the Rhode Island Supreme Court affirmed the denial of Petitioner's Rule 35 Motion to Correct an illegal sentence. State v. Murray, 788 A.2d 1154 (R.I. 2001). Petitioner has filed two prior actions unsuccessfully seeking relief from this Court under 28 U.S.C. § 2254. See Murray v. Vose, C.A. No. 99-176ML, 1999 WL 482395 (D.R.I. June 28, 1999); and Murray v. Wall, supra.

**Discussion**

Although Petitioner's extensive hand-written filings are rambling and confusing, it is clear that he does not state a viable claim under Bivens v. Six Unknown Named Agents of the F.B.I., 403 U.S. 388 (1971), which creates an implied right of action for deprivation of a federally protected right by a federal official acting under color of his authority. Rather, this is yet another attempt by Petitioner to challenge the constitutionality of his current state incarceration and thus this action is a petition for writ of habeas corpus under 28 U.S.C. § 2254 and will be treated as such. In fact, Petitioner identifies this action as one brought under § 2254 in the Civil Cover Sheet he filed and describes it as one seeking to "overturn conviction Dec. 13, 1996 and also overturn May 15, 2007" probation violation finding. (Document No. 1-4). Further, in his Petition, Petitioner refers to both convictions as "illegal unconstitutional" and argues that his submissions "verify that the illegal and unconstitutional action and procedures used to keep me illegally incarcerated." (Document No. 1 at pp. 1, 7). Thus, Petitioner's "Bivins [sic] Action" is properly treated as a petition under 28 U.S.C. § 2254(a) "for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

It appears that Petitioner was paroled in 2001 prior to completing his original six-year sentence due to his advancing age. See State v. Murray, 788 A.2d at 1156 n.2. From a review of Petitioner's numerous exhibits, it appears that Petitioner returned to New York after being paroled, and an effort was made to transfer the supervision of his probation from Rhode Island to New York. After New York refused to accept the transfer, the State alleged that Petitioner violated the terms of his probation by remaining in New York without permission. On May 15, 2007, the Superior Court declared Petitioner to be a probation violator and sentenced him to serve the previously suspended sentence of nine years. From the state court docket in State v. Murray, W2-1995-0401A, it also appears that Petitioner appealed the probation violation finding and nine-year sentence to the Rhode Island Supreme Court and that it has not yet ruled on Petitioner's appeal.

Before a federal court may grant habeas relief, a petitioner must exhaust all of his available remedies in state court. See 28 U.S.C. § 2254(b)(1)(A) ("an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the Courts of the State...."). The "exhaustion prerequisite" for filing a federal habeas corpus claim was created, "[i]n recognition of the state courts' important role in protecting constitutional rights..." and "holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997). "Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal." Id. at 263. The exhaustion prerequisite contained in 28 U.S.C. § 2254 "is rooted in principles of comity which counsel that state courts be afforded an opportunity to deal with alleged constitutional

violations arising from their proceedings before federal jurisdiction may be invoked." Barber v. Moran, 753 F. Supp. 421, 422 (D.R.I. 1991).

Since it appeared to the Court that Petitioner has not exhausted his available state court remedies since his appeal to the Rhode Island Supreme Court (State v. Murray, C.A. No. 07-325) is still pending and Petitioner did not address the issue of exhaustion in his initial filings, Petitioner was ordered in his related case (Murray v. Wall, C.A. No. 10-355ML) on December 7, 2010 to show cause in writing to the Court by December 31, 2010 as to why this action should not be dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A) as an unexhausted petition. (Document No. 4 in C.A. No. 10-355ML). On January 4, 2011, Petitioner was granted an extension of time to file his response until January 31, 2011. Although Petitioner did not file a response to the Order to Show Cause in that case, he did file a Show Cause Memorandum in this case. (See Document No. 4). Out of deference to Petitioner's pro se status, the Memorandum has been reviewed and will be treated as if it was timely filed in both cases. Unfortunately, Petitioner fails to specifically address the exhaustion issue in his Memorandum, and he offers nothing to controvert the conclusion that he has not exhausted available state court remedies because the Rhode Island Supreme Court has not yet ruled on his appeal of the probation violation finding and sentence challenged in this case. Petitioner does not address the status of his pending appeal and simply notes in a conclusory fashion that "he has exhausted his state remedies and the state of Rhode Island is deliberately violations [sic] State and Federal laws and Constitutional rights due to the age of Petitioner[1] the state is exhausting the Petitioner." (Document No. 4 at p. 11). Petitioner's response is insufficient and reasonably

---

[1] Petitioner is currently 88 years of age.

leads to the conclusion that he has not actually exhausted available state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).

In addition, in his Memorandum, Petitioner states that this "is the third time they have been presented to this Court the constitutional violations that accorded [sic] during my illegal trial in October 1996 which require automatic reversal of conviction." Id. at p. 1. This statement also supports dismissal of this action as an improper "second or successive habeas corpus application under Section 2254" pursuant to 28 U.S.C. § 2244(b)(1). See Murray v. Vose, C.A. No. 99-176ML; Murray v. Wall, C.A. No. 02-461T; and Murray v. Wall, C.A. No. 10-355ML.

Accordingly, I recommend that this action be dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A) as an unexhausted petition for writ of habeas corpus and, alternatively, pursuant to 28 U.S.C. § 2244(b)(1) as an improper "second or successive" petition. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 25, 2011